# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MORGAN, et al., | CASE NO. 1:10-cv-01306 GSA PC |
| Plaintiff, | ORDER SEVERING CLAIMS AND DIRECTING PLAINTIFF MORGAN TO FILE AN AMENDED COMPLAINT |
| v. | |
| J. PEACOCK, et al., | AMENDED COMPLAINT DUE IN THIRTY DAYS |
| Defendants. | |

Plaintiffs are state prisoners proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff Morgan, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Substance Abuse Treatment Facility at Corcoran (SATF), brings this civil rights action against correctional officials employed by the CDCR at SATF. Plaintiff brings this lawsuit on behalf of himself and other inmates, challenging the conditions of their confinement. Plaintiffs are individuals in the custody of the California Department of Corrections, presently confined at SATF. In the Court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises

1 from the frequent transfer of inmates to other facilities or institutions, the changes in address that
2 occur when inmates are released to parole, and the difficulties faced by inmates who attempt to
3 communicate with each other and with unincarcerated individuals.
4     The Court has determined that each Plaintiff should proceed separately on his own claim.
5 The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the
6 court on motion of any party or of its own initiative at any stage of the action and on such terms as
7 are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P.
8 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473,
9 1479 (9th Cir. 1991).
10    The Court will therefore order that Plaintiffs' claims be severed. Should each inmate desire
11 to proceed, they should each file a separate action. This action will proceed as to Plaintiff Morgan
12 only. Plaintiff Morgan is directed to file an amended complaint which contains allegations that
13 pertain to only him.
14            Accordingly, IT IS HEREBY ORDERED that:
15        1. This action proceeds against Defendants with Plaintiff Morgan as the sole Plaintiff.
16        2. The claims of all remaining inmate plaintiffs are severed from the claims of
17 Plaintiff Morgan.
18        3. The Clerk of the Court is directed to send to Plaintiff Morgan a new form for filing
19 a civil rights action under 42 U.S.C. § 1983.
20        4. Plaintiff Morgan is granted thirty days from the date of service of this order to file
21 an amended complaint, using the form provided by the Court with this order. Plaintiff Morgan's
22 amended complaint must bear the docket number assigned to this case, and must be labeled
23 "Amended Complaint." Failure to file an amended complaint in accordance with this order will
24 result in dismissal of this action.
25
26    IT IS SO ORDERED.
27    **Dated:   April 2, 2012**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
28